Calvin BULLOCK, Plaintiff,

v.

Michael J. ASTRUE, Commissioner
of Social Security, Defendant.

No. 4:10–CV–135–BO.

United States District Court,
E.D. North Carolina,
Eastern Division.

Nov. 1, 2011.

Jonathan Blair Biser, Hardison & Coch-
ran, PLLC, Raleigh, NC, for Plaintiff.

Amy C. Rigney, Mary Ellen Russell,
Social Security Administration, Baltimore,
MD, for Defendant.

*ORDER*

TERRENCE WILLIAM BOYLE,
District Judge.

This matter is before the Court on the parties' Cross–Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [DE 26, 29]. Mr. Bullock alleges (1) that the Administrative Law Judge ("ALJ") failed to properly evaluate the weight accorded to a medical source statement provided by Mr. Bullock's treating physician's assistant, and (2) that the ALJ failed to properly evaluate Mr. Bullock's depression as a severe impairment. For the reasons stated below, Plaintiff's Motion [DE 26] is DENIED, Defendant's Motion [DE 29] is GRANTED, and the decision of the Commissioner is AFFIRMED.

*BACKGROUND*

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") and for supplemental security income ("SSI") on May 1, 2007, alleging an onset date of October 15, 2006. Tr. 124, 129. His claim was denied initially, Tr. 63, and on reconsideration, Tr. 71. Plaintiff timely requested a hearing before an ALJ, which was held on June 30, 2009, before ALJ Larry A. Miller. Tr. 7. ALJ Miller denied Plaintiff's claims in a decision dated August 5, 2009. Tr. 11–19. Plaintiff sought Appeals Council review of the ALJ's decision, which was denied on July 28, 2010, and ALJ Miller's decision then became the final agency determination. Tr. 1–5. Having exhausted his administrative remedies, Plaintiff filed a request to proceed in forma pauperis with complaint attached on September 30, 2010 [DE 1]. United States Magistrate Judge William A. Webb granted Plaintiff's request on October 21, 2010 [DE 5]. The parties have each moved for judgment on the pleadings. A hearing on the cross-motions was held in Elizabeth City, North Carolina, on October 18, 2011

[DE 32]. The motions are now ripe for adjudication.

*DISCUSSION*

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if the individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

**I. The Five–Step Sequential Evaluation**

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five.

*See Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform physical and mental work activities on a sustained basis despite limitations from his impairments. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. *See* 20 C.F.R. § 404.1512(g). If the claimant cannot perform other work, then he is found to be disabled.

## II. The ALJ's Decision of August 5, 2009

In this case, the ALJ found that the claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2006 through the date of decision. Tr. 19. At step one, the ALJ found that the claimant had not engaged in substantial gainful activity since October 15, 2006, the alleged onset date. Tr. 13. At step two, he found that at all times relevant to this decision, the claimant had the following severe impairments: gouty ar-thritis, carpal tunnel syndrome, hypertension, and diabetes mellitus. *Id.*

At step three, the ALJ found that the claimant has not had an impairment that met or medically equaled an impairment listed in 20 C.F.R. § 404.1520(d). Tr. 14. At step four, the ALJ found that Mr. Bullock had the RFC to perform sedentary work, to lift and carry up to ten pounds frequently and occasionally, to sit for six out of eight hours, and to stand/walk for two out of eight hours. Tr. 14–15 (citing 20 C.F.R. §§ 404.1567(a), 416.967(a)). The ALJ further found that Mr. Bullock could perform frequent fingering and handling; could do no balancing, climbing, kneeling, or crawling; and could occasionally stoop or crouch. Tr. 15. Although the ALJ found that Mr. Bullock was unable to perform any past relevant work, he did find that, considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. Tr. 17–18.

Because the Court finds that the ALJ's conclusions are supported by substantial evidence, the decision of August 5, 2009 is affirmed.

### A. The ALJ properly evaluated the weight accorded to a medical source statement provided by Mr. Bullock's treating physician's assistant.

Mr. Bullock's treating physician's assistant, Julian McLeod, completed a physical RFC questionnaire on June 3, 2009, stating his opinion that Mr. Bullock had been disabled since January 2009. Tr. 323–28. The ALJ correctly found that Mr. McLeod was not a treating source under the Commissioner's regulations, and that his opinion was not entitled to controlling weight. Tr. 17. Consistent with Social Security Ruling ("SSR") 06–03p, the ALJ did not

ignore or reject Mr. McLeod's opinion simply because he was not a treating source, or because he was not an "acceptable medical source" under the Commissioner's regulations. 20 C.F.R. § 404.1513(a). Rather, the ALJ appropriately considered Mr. McLeod's opinion as the Ruling directs, and properly determined that the opinion was entitled to "some weight." Tr. 17. The Court notes that where a physician's assistant, or "other source" has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his opinion, giving more weight to the physician's assistant than to the treating source may be appropriate. SSR 06–03p, Fed. Reg. 45593–03 (Aug. 9, 2006).

■ In this case, Mr. McLeod reported that he began treating Mr. Bullock in January of 2008, with visits every three to four months. Tr. 323. However, Mr. McLeod's opinion is inconsistent with other substantial evidence in the record. Here, in making his RFC determination, the ALJ properly credited Dr. Marsigli's opinion from November 7, 2006 that Mr. Bullock had no work restrictions. He credited Mr. Bullock's own reports that he had not had a flare up of gout in his feet for four years. He credited Dr. Kumar's statements that Mr. Bullock was not limping and was walking pretty well. Viewed in light of the contrary substantial evidence, the ALJ's determination that Mr. McLeod's opinion was only entitled to "some weight" was appropriate, in spite of his treatment relationship with Mr. Bullock.

**B. The ALJ properly evaluated Mr. Bullock's depression and his determination that it is not a severe impairment is supported by substantial evidence.**

■ The ALJ properly applied the "special technique" for evaluating mental impairments. Tr. 13–14; *see* 20 C.F.R. §§ 404.1520(a). The ALJ properly determined that Mr. Bullock has the medically determinable mental impairment of depression and that, as a result, he has mild limitations in activities of daily living; in social functioning; and in maintaining concentration, persistence, and pace. Tr. 13–14. The ALJ also correctly found that there were no documented episodes of decompensation of extended duration. Tr. 14. The ALJ's findings are supported by Mr. Bullock's failure to mention depression on his disability report form, Tr. 147, and by Mr. McLeod's treatment notes—the only source of record where depression is mentioned. Tr. 307, 309, 325.

■ The ALJ was not required to obtain a consultative psychiatric examination to evaluate Mr. Bullock's alleged depression, given his consideration of "not only existing medical reports, but also the disability interview form containing [his] allegations." 20 C.F.R. §§ 404.1519(a), 416.919(a). The disability report form contained no allegation of depression. Tr. 147. The only treatment notes indicating depression fail to meet the regulatory durational requirement. Tr. 307, 309, 325. A consultative examination was not needed to resolve any conflict or ambiguity because none was presented in Mr. Bullock's case. Therefore the ALJ's finding that depression was not a severe impairment for Mr. Bullock is supported by substantial evidence in the record.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion [DE 26] is DENIED, Defendant's Motion [DE 29] is GRANTED, and the decision of the Commissioner is AFFIRMED.

SO ORDERED.